**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                  Criminal No. 25-175 (SRN/ECW)

        Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                                **OPINION AND ORDER**
Roberto Carlos Rodriguez-Rodriguez,

        Defendant.


## INTRODUCTION

This matter is before the Court on the United States of America's (the "Government") appeal (Doc. No. 21) of Magistrate Judge John F. Docherty's order denying the Government's motion for a detention hearing and releasing Defendant Roberto Carlos Rodriguez-Rodriguez on conditions (Doc. Nos. 18, 19, 26). Rodriguez-Rodriguez filed a response in opposition. (Doc. No. 24.) For the reasons set forth below, the Court overrules the Government's objections and affirms Magistrate Judge Docherty's release order. The Court stays the release order for 24 hours following entry of this Order to allow the Government time to appeal if it so chooses.

## BACKGROUND

Rodriguez-Rodriguez was charged via indictment with reentry of a removed alien in violation of 8 U.S.C. § 1326(a) on April 30, 2025. (Doc. No. 1.) Rodriguez-Rodriguez was brought in on a bench warrant for his first appearance on June 5, 2025. (Doc. No. 13.) At that hearing, Magistrate Judge Dulce J. Foster set Rodriguez-Rodriguez's

arraignment, 18 U.S.C. § 3142(f) hearing, and potential detention hearing for June 10, 2025, before Magistrate Judge Docherty.  (*Id.*)  Magistrate Judge Foster also ordered Rodriguez-Rodriguez temporarily detained pending Magistrate Judge Docherty's ruling at the next hearing.  (Doc. Nos. 12, 13.)

At the June 10th hearing, the Government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(A).  (Doc. No. 18; Doc. No. 21 at 2.)  Magistrate Judge Docherty orally denied that motion and released Rodriguez-Rodriguez on conditions. (*Id.*)  Magistrate Judge Docherty indicated that he would issue a written order explaining his decision and stayed the order for 24 hours following the hearing.  (*Id.*)  Shortly after the hearing, Magistrate Judge Docherty issued a written order setting conditions of release for Rodriguez-Rodriguez.  (Doc. No. 19.)

The next morning, the Government appealed Magistrate Judge Docherty's order denying the detention hearing and releasing Rodriguez-Rodriguez.  (Doc. No. 21.)  Along with its appeal, the Government moved to extend the stay on the release order.  (Doc. No. 22.)  The Court granted that motion and stayed the release order pending its decision on this appeal.  (Doc. No. 25.)  Rodriguez-Rodriguez filed his response in opposition that afternoon.  (Doc. No. 24.)  Later in the afternoon, Magistrate Judge Docherty issued his written order denying the Government's motion for a detention hearing and releasing Rodriguez-Rodriguez on conditions.  (Doc. No. 26.)[1]

---

[1]    The Government filed a reply on June 12, 2025.  (Doc. No. 27.)  In that reply, it requests that the Court review Magistrate Judge Docherty's orders from both June 10th and June 11th.  (*Id.* at 2.)  The Court grants that request and considers all three orders (Doc. Nos. 18, 19, 26) as one below.

## DISCUSSION

A district court reviews a magistrate judge's order denying a detention hearing and granting release de novo. *United States v. Maull*, 773 F.2d 1479, 1481-82 (8th Cir. 1985). Under the Bail Reform Act, a court shall hold a detention hearing in two situations: (1) upon motion of the Government in a case that involves particular kinds of crimes; or (2) upon motion of the Government or on the Court's own motion in a case that involves "(A) a serious risk that [the defendant] will flee[,] or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f).

When the Government moves for a detention hearing under § 3142(f)(2)(A), it must prove serious risk of flight by a preponderance of the evidence. *United States v. Cook*, 87 F.4th 920, 924-25 (8th Cir. 2023). If the Government meets its burden, the Court holds a detention hearing[2] under § 3142(e)(1) where it must determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). If the Government does not meet its burden under § 3142(f)(2)(A), a court will not hold a detention hearing under § 3142(e)(1) and instead will order the defendant's pretrial release.

---

[2]    Typically, a magistrate judge conducts the § 3142(f)(2)(A) inquiry and the § 3142(e)(1) "detention hearing" inquiry in a singular hearing. In *Cook*, the Eighth Circuit rejected the idea of a "rigid 'two-step inquiry'" and explained that this procedure is permissible. 87 F.4th at 924. Additionally, it clarified that the two standards are distinct but there is substantial overlap. *Id.*

To determine whether a defendant poses a serious risk of flight, courts may

consider the factors included in § 3142(g). *Cook*, 87 F.4th at 924. Those factors are:

> (1)    the nature and circumstances of the offense charged . . . ;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person . . . ; and
>
> (4)    the nature and seriousness of the danger to any person or the
>         community that would be posed by the person's release.

18 U.S.C. § 3142(g). Additionally, serious risk of flight refers only to risk of volitional

flight.[3] *See United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1134-35 (N.D. Iowa

2018). Ultimately, the Bail Reform Act favors release over pretrial detention. *United*

*States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985).

The Government argues that Magistrate Judge Docherty erred in denying a

detention hearing because Rodriguez-Rodriguez poses a serious risk of flight.

Throughout its appeal and reply, the Government largely generalizes about the nature of

the offense and the failure of a defendant to participate in an interview with Pretrial

---

[3]    The existence of an ICE detainer is irrelevant to the serious risk of flight analysis
because removal of a defendant prior to the resolution of their criminal case is not a
volitional act. *See Villatoro-Ventura*, 330 F. Supp. 3d at 1134-35. The Court
acknowledges that it previously considered an ICE detainer in its serious risk of flight
analysis, *United States v. Sanchez-Valdivia*, No. 08-cr-342, 2008 WL 5104688 (D. Minn.
Nov. 26, 2008), but the Court has since reconsidered and is persuaded by the reasoning of
courts that have found ICE detainers irrelevant to volition. *See Villatoro-Ventura*, 330 F.
Supp. 3d at 1134-35; *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337-39 (10th Cir.
2017).

Services.[4]  These broad arguments do not proffer specific information as to this defendant

and the Court finds that a *per se* rule of detention in either of those situations would be

inappropriate under the Bail Reform Act.  Congress could have included offenses under

8 U.S.C. § 1326(a) or immigration offenses generally under § 3142(f)(1).  It did not.

Furthermore, reentry of a removed alien is a nonviolent crime with no victims.  While the

crime necessarily involves an alleged non-citizen, that alone is insufficient for the Court

to find serious risk of flight.  Nothing about the nature of the offense itself suggests a

serious risk of flight.  Likewise, the fact that a defendant did not participate in an

interview with Pretrial Services alone does not mean that the defendant is a serious flight

risk.  While that lack of information could influence a court's decision, the inquiry under

§ 3142(f)(2)(A) must be specific to the facts and circumstances of that defendant's case.[5]

The only specific facts the Government relies on are (1) that he failed to appear

three months ago in a state criminal case, (2) that he was previously removed and has

---

[4]    As Defense counsel wrote in his response, the Office of the Federal Defender has specifically asked Pretrial Services not to approach defendants in cases like this one that involve "a lone, status offense" with a "suspected non-citizen" defendant.  (Doc. No. 24 at 6.)  Pretrial Services acknowledged this request in the Bail Report.  (Doc. No. 15 at 1 ("At the request of the Office of the Federal Defender for the District of Minnesota, Roberto Rodriguez-Rodriguez . . . was not approached for purposes of a bail interview.").)  The Court is troubled by the Government's continued use of the word "refusal" to refer to the fact that Pretrial Services did not interview Rodriguez-Rodriguez despite these explanations.  That characterization is inaccurate.

[5]    In support of its argument, the Government cites this Court's 2008 decision finding a defendant's failure to answer a question about the length of time he spent in Mexico "significant[]."  (Doc. No. 27 at 8 (citing *Sanchez-Valdivia*, 2008 WL 5104688, at *2).)  Failure to answer an interview question was one of many factors that led the Court to find that the defendant was a serious flight risk.  *See Sanchez-Valdivia*, 2008 WL 5104688, at *1-3.

returned to this country on multiple occasions, and (3) his foreign ties and the

Government's assumption that Rodriguez-Rodriguez lacks ties to Minnesota.[6]

First, based on the information proffered by the parties and the Bail Report,

Rodriguez-Rodriguez failed to appear at a preliminary hearing on March 27, 2025, in a

criminal case against him in Hennepin County.  However, on June 5, 2025, Rodriguez-

Rodriguez attempted to appear for a hearing in that case but was arrested in the

courthouse before it started.[7]  Given that this was a single occurrence and Rodriguez-

Rodriguez changed his behavior following the failure to appear, the Court finds that this

fact does not support a finding that he is a serious flight risk.

Second, previous border crossings do not demonstrate that he is a serious flight

risk.  The Court respectfully disagrees with Magistrate Judge Docherty's contention that

this fact means that Rodriguez-Rodriguez cannot be considered a flight risk.  (*See* Doc.

No. 26 at 8.)  Flight does not solely refer to flight from this country.  Flight covers the

broader idea of flight from prosecution in this District.  However, neither party

convincingly argued that this fact weighs in their favor in this particular case.

---

[6]     The Government also highlights that twenty years ago Rodriguez-Rodriguez stated that he was previously a member of the MS-13 street gang.  (Doc. No. 21 at 7.)  The Government has not shown how this twenty-year-old statement affects the risk that Rodriguez-Rodriguez will flee today.  The Government has not proffered any other facts related to gang membership.  This stray remark from twenty years ago does not impact the Court's decision.

[7]     Moreover, Rodriguez-Rodriguez was released on conditions in the state case on April 7, 2025.  Neither party submitted this fact to the Court, but the Court takes judicial notice of it as it is a public record from a state-court proceeding.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Third, the Government's assumption that Rodriguez-Rodriguez lacks any community ties is refuted by the Bail Report, which explains that his stepchildren have lived in Minnesota since around 2023.[8]  Furthermore, foreign ties do not require a finding of serious risk of flight and the Government has not made clear why Rodriguez-Rodriguez's alleged ties to Mexico and El Salvador equate to a serious risk of flight in his case.

Considering these facts together, along with Rodriguez-Rodriguez's lack of criminal history, the Government has not shown by a preponderance of the evidence that Rodriguez-Rodriguez is a serious flight risk.  Therefore, the Court affirms Magistrate Judge Docherty's decision and orders Rodriguez-Rodriguez released on conditions as set out in Magistrate Judge Docherty's release order dated June 10, 2025.  (Doc. No. 19.) The Court stays the release order for 24 hours following entry of this Order to allow the Government time to appeal if it so chooses.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

---

[8]    The Government seems to argue that this community tie is weak because Rodriguez-Rodriguez has been accused of maliciously punishing these children in the state criminal case.  (Doc. No. 21 at 6.)  These allegations are certainly worrisome, but the Court fails to see why it should ignore Rodriguez-Rodriguez's evident ties to Minnesota based on these allegations.

1.      The Government's objections (Doc. No. [21]) to Magistrate Judge John F. Docherty's order denying the Government's motion for a detention hearing and releasing Defendant Roberto Carlos Rodriguez-Rodriguez on conditions are **OVERRULED**.

2.      Magistrate Judge John F. Docherty's order denying the Government's motion for a detention hearing and releasing Defendant Roberto Carlos Rodriguez-Rodriguez on conditions (Doc. Nos. [18], [19], [26]) is **AFFIRMED**.

3.      Magistrate Judge John F. Docherty's order setting conditions of release (Doc. No. [19]) is **STAYED** for 24 hours following entry of this Order.


Dated:  June 16, 2025                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge